Citation Nr: 1452676 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 07-16 872 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: J. Myers Morton, Esq.


ATTORNEY FOR THE BOARD

Scott Shoreman, Counsel




INTRODUCTION

The Veteran had active service from April 1966 to April 1969. He died in January 2006, and the appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) from an April 2006 rating decision of the above Department of Veterans Affairs (VA) Regional Office (RO).

This claim was previously before the Board in February 2011, at which time the Board remanded it for additional development. Additional development is needed before the claim can be decided on the merits.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In October 2014, the appellant submitted a statement that included a discussion of the Veteran's medical history. Applicable VA regulations require that pertinent evidence submitted by the appellant must be referred to the agency of original jurisdiction (the RO) for review and preparation of a supplemental statement of the case (SSOC) unless this procedural right is waived in writing by the appellant. 38 C.F.R. §§ 19.37, 20.1304 (2014). The appellant specifically indicated on the VA form she returned with her statement that she would like her case to be remanded to the RO for review of the additional evidence. Therefore, the Board has no option but to accede to the appellant's request. Furthermore, the appellant's statement included mention of treatment by a Dr. Crutchfield. The record does not show that these records were requested. The duty to assist requires that VA make reasonable efforts to obtain private treatment records that the claimant identifies. 38 C.F.R. § 3.159(c)(1) (2014).

Accordingly, the case is REMANDED for the following action:

1. Request that the appellant provide sufficient information, and, if necessary, authorization, to obtain any additional evidence, not already of record, which pertains to the claim for service connection for the cause of the Veteran's death, including treatment records from Dr. Crutchfield. Document all unsuccessful attempts to obtain such records. There must be at least two attempts made to obtain any private treatment records for which the appellant submits the proper authorization.

2. Then readjudicate the appeal. If any benefits sought on appeal remain denied, the RO should provide the appellant and her representative a supplemental statement of the case (SSOC), and provide the appellant an opportunity to respond.










The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).